## WHITEHEAD *v.* GALLOWAY ET AL.

ERROR TO THE SUPREME COURT OF THE STATE OF
OKLAHOMA.

No. 184. Submitted January 23, 1919.—Decided March 3, 1919.

Congress, having provided, through the Act of February 19, 1903,
c. 707, 32 Stat. 841, and the provisions of Mansfield's Digest as
thereby extended to the Indian Territory, that instruments affecting
the title to land, to be valid against subsequent purchasers for value,
should be recorded or filed in the office of the clerk or the deputy
clerk of the United States Court for the Indian Territory, at the
place of holding court in the recording district in which the land was
located, afterwards, by the Act of June 21, 1906, c. 3504, 34 Stat.
343, created and defined a new recording district, naming a place
for recording and for holding court therein, but an interval of some
days occurred between the date of the act and the time when a
deputy clerk was appointed and qualified for the new district and
opened the office for reception of instruments. *Held,* that the law
made no provision whereby during this interval a deed of land in
the new district might be filed in an older district in which the land
was previously located, and that a deed so filed was not constructive
notice to subsequent purchasers who bought several months after
the recording office in the new district was opened. P. 84.

The provision made by the Act of February 19, 1903, *supra,* for trans-
fer of recorded instruments to the indices of new recording districts,
applied only to instruments recorded before the date of the act. *Id.*

153 Pac. Rep. 1101, affirmed.

THE case is stated in the opinion.

*Mr. C. S. Arnold* for plaintiff in error, with whom *Mr.
James E. Whitehead* was on the brief, insisted that Con-
gress could not have intended the Act of June 21, 1906,
to become immediately operative, before a deputy clerk
and *ex officio* recorder could be legally appointed, could
qualify, secure his quarters and records and open up his

office for the transaction of business. During such interval, the law as it previously existed remained in force, and with it plaintiff in error complied by filing in the older district. It was impossible to record at Duncan before the deputy clerk and *ex officio* recorder there had been appointed, because, under the laws, such deputy alone was qualified to act; and neither the clerk, marshal nor judge could do so. Act of February 19, 1903, 32 Stat. 841. Furthermore, there was provision for transfer of records. *Ib*. 842; *First National Bank* v. *Keys*, 229 U. S. 179. As to the peculiar functions of the deputy, counsel also cited Acts of May 2, 1890, 26 Stat. 81, §§ 30, 32, 38; March 1, 1895, 28 Stat. 693, §§ 3, 4.

Upon the right to record in the old district until the new is organized: *Lumpkin* v. *Muncey*, 66 Texas, 311; *O'Shea* v. *Twohig*, 9 Texas, 366; *Clark* v. *Goss*, 12 Texas, 395. Distinguishing: *Astor* v. *Wells*, 4 Wheat. 466; *Green* v. *Green*, 103 California, 108; *Garrison* v. *Haydon*, 1 Marsh. J. J. 222.

*Mr. H. A. Ledbetter* for defendants in error.

MR. JUSTICE DAY delivered the opinion of the court.

This is a contest between claimants to the ownership of a tract of land now part of Carter County, Oklahoma, and prior to June 21, 1906, a part of the 20th Recording District, Ryan, (Office of the Recording District) Indian Territory. Thereafter it was in the 29th Recording District, Duncan (Office of the Recording District) Indian Territory.

The facts so far as pertinent are:

On the 27th day of June, 1906, Wilburn Adams, who held title to the land, made and delivered a deed for the same to the plaintiff in error, Whitehead, which deed was filed for record in the office of the 20th Recording Dis-

trict at Ryan, Indian Territory, on the 28th day of June, 1906, and was duly recorded. Afterwards Adams and wife made a warranty deed of the same property to James O. Galloway, dated November 16, 1906, and recorded November 22, 1906, in the office of the 29th Recording District of the Indian Territory at Duncan. Galloway on the 24th day of December, 1906, conveyed the same to Winfield S. Pressgrove and his wife, which deed was recorded at Duncan. Pressgrove and wife executed to the Travelers Insurance Company of Hartford, Connecticut, a mortgage on the land dated March 22, 1907, recorded April 5, 1907, in the office of the 29th Recording District at Duncan, Indian Territory. Pressgrove and wife executed a mortgage to the Atkinson, Warren & Henley Company, dated March 22, 1907, recorded April 24, 1907, in the office of the 29th Recording District at Duncan.

On June 21, 1906, Congress passed an act (34 Stat. 343):

"That in addition to the places now provided by law for holding courts in the southern judicial district of Indian Territory courts shall be held in the town of Duncan, and all laws regulating the holding of the courts in the Indian Territory shall be applicable to the said court hereby created in the said town of Duncan.

"That the territory next hereinafter described shall be known as recording district numbered twenty-nine, beginning at a point where township line between townships two and three north reaches the east boundary line of Oklahoma Territory; thence east on said township line twenty-four miles to where it intersects with range line three and four west; thence south on said range line twelve miles to where it intersects the base line between townships one north and one south; thence east along said base line six miles to the range line between ranges two and three west; thence south twelve miles along said range line to the township line between townships two

and three south; thence west thirty miles along said township line to where it intersects with the east line of Oklahoma Territory; thence north along said line twenty-four miles to the place of beginning; and the place of recording and holding court in said district shall be Duncan."

Prior to the passage of this act of Congress the lands involved in this case were located in the 20th Recording District of the Indian Territory, known as the "Ryan District." But this act made them a part of the 29th Recording District, known as the "Duncan Recording District." On June 30, 1906, C. M. Campbell, who was then Clerk of the United States Court for the Southern District of the Indian Territory, appointed C. N. Jackson deputy clerk and ex-officio recorder for the newly-created 29th Recording District, with headquarters at Duncan. C. N. Jackson took and subscribed the oath of office and filed his bond on June 30, 1906, and his appointment was duly approved by the United States Court at Ardmore on the same day. He arrived at Duncan and first opened his office on July 7, 1906, and the first entry made upon the books was upon that date. No recording office was opened at Duncan prior to July 7, 1906, when C. N. Jackson arrived and opened one.

From the time of the conveyance of the lands to Pressgrove (December 24, 1906) he has been in the actual possession thereof.

The lower court and the Supreme Court of Oklahoma decided in favor of Galloway and his successors, holding that the recording of the deed, made to Whitehead, at Ryan, was not constructive notice to the subsequent purchasers. (153 Pac. Rep. 1101; rehearing denied without opinion, 157 Pac. Rep. xxiii.)

At the time of the passage of the statute of June 21, 1906, another statute provided in effect (32 Stat. 841; 10 Fed. Stats., 1st ed., p. 130):

That chapter twenty-seven of the Digest of the Statutes

of Arkansas, of 1884, be extended to the Indian Territory so far as the same is applicable and not inconsistent with any law of Congress; that the clerk or deputy clerk of the United States Court of each of the courts of the Territory should be ex-officio recorder for his district and perform the duties required of the recorder in the chapter of Mansfield's Digest, hereinafter referred to. The duty was placed on each clerk or deputy clerk to record in the books provided for the office all deeds, mortgages, etc. Instruments theretofore recorded with the clerk of the United States Court for the Indian Territory, were not required to be again recorded, but should be transferred to the indexes without further cost, and that such records theretofore made should be of full force and effect. That whenever in said chapter (Mansfield's Digest) the word "county" occurs there should be substituted the word "district," and wherever the words "State" or "State of Arkansas" occur there should be substituted therefor the words "Indian Territory," and wherever the words "clerk" or "recorder" occur there should be substituted the words "clerk or deputy clerk of the United States court." The statute further provides that all instruments of writing, the filing of which is provided by law, should be recorded or filed in the office of the clerk or deputy clerk at the place of holding court in the recording district where said property may be located.

The provisions of Mansfield's Digest, which Congress extended to the Indian Territory so far as applicable, provide (Mansfield's Digest, 1884, c. 27, § 671):

"No deed, bond, or instrument of writing, for the conveyance of any real estate, or by which the title thereto may be affected in law or equity, hereafter made or executed, shall be good or valid against a subsequent purchaser of such real estate for a valuable consideration, without actual notice thereof; or against any creditor of the person executing such deed, bond, or instrument, ob-

taining a judgment or decree, which by law may be a lien upon such real estate, unless such deed, bond, or instrument, duly executed and acknowledged, or approved, as is or may be required by law, shall be filed for record in the office of the clerk and *ex officio* recorder of the county where such real estate may be situated."

Congress made no provision whereby deeds to lands in the new district were to be recorded at Ryan in the old district pending the opening of the office in the new district at Duncan. The provision as to transfer of recorded instruments to the new indexes, 32 Stat. 842, applied to instruments theretofore recorded. See *First National Bank* v. *Keys,* 229 U. S. 179.

Cases cited by plaintiff in error, where statutes provide for the organization of new counties, and holding that until such new counties are organized the place for recording is the old county where the lands are situated, are not apposite. Congress itself declared and defined the new Recording District, and the applicable provisions of Mansfield's Digest provided that no conveyance should be constructive notice against a subsequent purchaser unless such deed should be filed for record in the office of the clerk and *ex officio* recorder of the district where the real estate was situated. The statute is explicit, and when Whitehead bought from Adams the requirement of the law was plain that the deed should be filed for record at Duncan in the new district. See *Astor* v. *Wells,* 4 Wheat. 466. But, it is said, at the time of the conveyance to Whitehead, no office had been established at Duncan. This fact, however, did not continue Ryan as the place for recording deeds for lands in the new district. The requirements of the legislation are positive, making Duncan the place for filing the deed in the new Recording District where the lands are situated. The plaintiff in error urges that until an office was opened at Duncan it was impossible to record a deed there. This

fact does present an anomalous situation, not to be remedied, however, by judicial construction in derogation of positive and controlling legislation.

Moreover, by the agreed statement of facts it appears that a deputy clerk, who became *ex officio* recorder, was appointed June 30, 1906, and opened his office for the transaction of business at Duncan on July 7, 1906. The conveyance from Adams to Galloway was made on November 16, 1906. Had Whitehead filed his deed for record at Duncan after the recording office was opened there and prior to November 16, 1906, Galloway and the subsequent purchasers would have had constructive notice by means of this record of the prior conveyance. But all that Whitehead did was to file his deed at Ryan after the land had become part of the Duncan district. After the opening of the Duncan office, it was his duty, if he would charge others with constructive notice, to file his deed in the office at Duncan. Had he done this he would have had a conveyance of record which would have been constructive notice to subsequent purchasers. Such constructive notice was not conveyed to Galloway and the subsequent purchasers by the filing of the deed for record at Ryan in the old district. It results that the judgment of the Supreme Court of Oklahoma must be

*Affirmed.*